JANET HEROLD, Regional Solicitor
BRUCE L. BROWN, Associate Regional Solicitor
JEANNIE GORMAN, Senior Trial Attorney, WSBA 23578
U.S. DEPARTMENT OF LABOR
Office of the Solicitor
300 Fifth Ave., Suite 1120
Seattle, WA  98104
Phone: (206) 757-6762
Fax: (206) 757-6761
gorman.jeannie@dol.gov
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS E. PEREZ, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>INTELLICONNECT COMMUNICATIONS LLC, a Nevada corporation, S & M MANAGEMENT SERVICES, INC., a Nevada corporation and successor employer, BRENDA PORTELA, and STEPHANIE MEEHAN,<br><br>Defendants. | Case No.<br><br>**COMPLAINT** |

I

Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor (the "Secretary"), brings this action to enjoin Defendants Intelliconnect Communications LLC, S & M Management Services, Inc., Brenda Portela, and Stephanie Meehan (collectively, "Defendants"), from violating the provisions of §§15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended

**COMPLAINT – PAGE  1**
*Perez v. Intelliconnect,* et al.

("FLSA"), 29 U.S.C. §§215(a)(2) and 215(a)(5), and to recover unpaid minimum wage and overtime compensation owed under the FLSA to present and former employees of the Defendants including those listed by name on the attached Exhibit A to this Complaint, together with an equal amount as liquidated damages, pursuant to FLSA §16(c), 29 U.S.C. §216(c).

II

This Court has subject matter jurisdiction under FLSA §§16(c) and 17, 29 U.S.C. §§216(c) and 217; this Court also has subject matter jurisdiction under 28 U.S.C. §1331 (federal question) and under 28 U.S.C. § 1345 (United States as Plaintiff).

III

Venue lies in the United States District Court, District of Nevada, pursuant to 28 U.S.C. §1391(b) as a substantial part of the events giving rise to these claims occurred in Las Vegas, Nevada.

IV

(a) Defendant Intelliconnect Communications LLC, at all times material is, was or has been a Nevada corporation, with an office and place of business at 5230 Valley View Blvd, Suite D, Las Vegas, Nevada 89118, and at all times material is, was or has been in business as a telemarketing business. At all times material, Defendant Intelliconnect Communications LLC employed persons, including those listed on the attached Exhibit A, to carry out the business of the company and, as such, is and has been an employer within the meaning of FLSA §3(d), 29 U.S.C. §203(d).

(b) Defendant S & M Management Services, Inc. at all times material, is, was or has been a Nevada corporation, with an office and place of business at 5230 S. Valley View Blvd., Suite D, Las Vegas, Nevada 89118, is a successor business entity to Intelliconnect Communications LLC, and at all times material is, was or has been in business as a telemarketing business. S & M Management Services, Inc. was created by each of the same principal officers and/or directors of Intelliconnect

1  Communications LLC, to carry on the same business as Intelliconnect Communications LLC, at the
2  same location at which Intelliconnect Communications LLC operated, with the same equipment used
3  and/or operated by Intelliconnect Communications LLC, and with the same employees as were
4  employed by Intelliconnect Communications LLC.  Furthermore, S & M Management Services, Inc.
5  was created to assume all business purposes of Intelliconnect Communications LLC.  At all times
6  material, Defendant S & M Management Services, Inc. employed persons to carry out the business of
7  the company and, as such, is and has been an employer within the meaning of FLSA §3(d), 29 U.S.C.
8  §203(d).

9  (c)  Defendant Brenda Portela, an individual, resides within the jurisdiction of this Court.  At
10 all times material hereto, Brenda Portela has acted directly or indirectly in the interest of Intelliconnect
11 Communications LLC and S & M Management Services, Inc. in relation to their employees, in that she
12 has and exercised the authority to set the wages, hours and working conditions of the employees who
13 performed work for Intelliconnect Communications LLC and S & M Management Services, Inc.,
14 including those listed on the attached Exhibit A.  As such, Defendant Brenda Portela is and has been an
15 employer within the meaning of FLSA §3(d), 29 U.S.C. §203(d).

16 (d)  Defendant Stephanie Meehan, an individual, resides within the jurisdiction of this Court.
17 At all times material hereto, Stephanie Meehan has acted directly or indirectly in the interest of
18 Intelliconnect Communications LLC and S & M Management Services, Inc. in relation to their
19 employees, in that she has and exercised the authority to set the wages, hours and working conditions of
20 the employees who performed work for Intelliconnect Communications LLC and S & M Management
21 Services, Inc., including those listed on the attached Exhibit A.  As such, Defendant Stephanie Meehan
22 is and has been an employer within the meaning of FLSA §3(d), 29 U.S.C. §203(d).

V

1  At all times material, the business activities of the Defendants were and are related and performed through unified operation or common control for a common business purpose. Defendants Brenda Portela, and Stephanie Meehan exercised unified operation or common control over Intelliconnect Communications LLC and S & M Management Services, Inc. by directing, restricting, governing and administering the business activity of the corporate Defendants.   As such, Defendants are and have been an enterprise within the meaning of FLSA §3(r), 29 U.S.C. §203(r)(1).

VI

At all times material, Defendants have had employees engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods or materials which were transported, shipped or delivered from locations outside the state of Nevada, or which were transported, shipped or delivered to locations outside the state of Nevada.

VII

At all times material, Defendants were engaged in the operation of an enterprise whose annual gross volume of sales made or business done was not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).  As such, Defendants are and have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of FLSA §3(s), 29 U.S.C. §203(s).

VIII

Defendants, employers subject to the provisions of the Act, willfully violated the provisions of FLSA §§ 6 and 15(a)(2), 29 U.S.C. §§ 206 and 215(a)(2), by employing employees engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), 29 U.S.C. § 203(s), at wage rates less than the applicable federal minimum wage.

## IX

Defendants, employers subject to the provisions of the Act, willfully violated the provisions of FLSA §§7 and 15(a)(2), 29 U.S.C. §§207 and 215(a)(2), by employing employees engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of §3(s) of the FLSA, 29 U.S.C. §203(s), for workweeks longer than 40 hours without compensating these employees at overtime rates of not less than one and one-half times the regular rates at which they were employed.

## X

Defendants, employers subject to the provisions of the Act, willfully violated the provisions of FLSA §§11(c) and 15(a)(5), 29 U.S.C. §§211(c) and 215(a)(5), by failing to maintain, keep, make available to authorized agents of Plaintiff for inspection, transcription and/or copying, and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by the regulations promulgated by the Plaintiff pursuant to the authority granted in the FLSA and published at 29 C.F.R. Part 516.  Specifically, Defendants failed to make, keep and preserve records of wages paid to many of their employees, and records that show adequately and accurately, among other things, the hours worked each workday, the total hours worked each workweek, the total earnings for each workweek, and/or the total overtime compensation for each workweek, with respect to many of their employees, thereby depriving, interfering and impeding the ability of the employees, and derivatively, the Secretary, to detect, identify and have notice of the underpayment of minimum wages and overtime due under the FLSA.

XI

During the relevant statutory period, Defendants repeatedly and willfully violated the above described provisions of the FLSA by misclassifying their telemarketing employees as independent contractors without reasonable basis;

(a)  As a result of the violations of the FLSA, there are unpaid minimum wage and overtime compensation being withheld by the Defendants;

(b)  Judgment permanently enjoining and restraining such violations of the FLSA is specifically authorized by FLSA §17, 29 U.S.C. §217;

(c)  Judgment enjoining and restraining any continued withholding of unpaid minimum wage and overtime compensation due under the FLSA is specifically authorized by FLSA §17, 29 U.S.C. §217;

(d)  Judgment awarding unpaid back wages due under the FLSA, plus an additional amount, as liquidated damages, that is equal to the amount of the back wages that accrued under the FLSA, is specifically authorized by FLSA §16(c), 29 U.S.C. §216(c).

WHEREFORE, cause having been shown, Plaintiff prays for judgment as follows:

(a)  For an order pursuant to FLSA §17, 29 U.S.C. §217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, successor entities, and all persons in active concert or participation with them, from violating the provisions of the FLSA §§ 15(a)(2), and 15(a)(5), 29 U.S.C. §§ 215(a)(2),  and 215(a)(5); and,

(b)  For an order pursuant to FLSA §16(c), 29 U.S.C. §216(c), finding Defendants liable for unpaid minimum wage and overtime compensation that may be found by the Court to be due under the FLSA to present and former employees of the Defendants including the persons listed by name on the

attached Exhibit A, plus an additional amount as liquidated damages that is equal in amount to the unpaid compensation found due under the FLSA to said employees (additional unpaid minimum wage and/or overtime compensation and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this Complaint); or,

    (c)    In the event liquidated damages are not awarded, for an injunction issued pursuant to FLSA §17, 29 U.S.C. §217, restraining Defendants, their officers, agents, servants, employees, successor entities, and those persons in active concert or participation with them from withholding the amount of unpaid minimum wage and overtime compensation found due Defendants' employees, including prejudgment interested computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. §6621; and,

    (d)    For an order awarding all other appropriate legal or equitable relief including equitable tolling of the applicable three-year statute of limitations to redress delayed detection of, the violations of the FLSA by the Secretary due to Defendants' failure to maintain complete, accurate or full records as required by 29 U.S.C. §§211(c) and 215(a)(5).

DATED this 7th day of November, 2014.

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

BRUCE L. BROWN
Associate Regional Solicitor

JEANNIE GORMAN
Senior Trial Attorney

_____
Counsel for Plaintiff, U.S. Dept. of Labor

**COMPLAINT – PAGE 7**
*Perez v. Intelliconnect,* et al.