1    JANET HEROLD, Regional Solicitor
BRUCE L. BROWN, Associate Regional Solicitor

2    JEANNIE GORMAN, Senior Trial Attorney
U.S. DEPARTMENT OF LABOR

3    Office of the Solicitor
300 Fifth Ave., Suite 1120

4    Seattle, WA 98104
Phone: (206) 757-6762

5    Fax: (206) 757-6761

6

7

8

9                    UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

10

11    THOMAS E. PEREZ, SECRETARY OF LABOR,   )
UNITED STATES DEPARTMENT               )
OF LABOR,                            )    Case No. 2:14-cv-1868

12                                   )
            Plaintiff,               )

13                                   )
       v.                             )

14                                   )    **CONSENT JUDGMENT**
INTELLICONNECT COMMUNICATIONS LLC,   )

15    a Nevada corporation, S & M MANAGEMENT   )
SERIVCES, INC., a Nevada corporation and     )

16    successor employer, BRENDA PORTELA, and   )
STEPHANIE MEEHAN,                    )

17                                   )
                                  )

18             Defendants.            )

19

20          Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor (the

"Secretary"), Defendant INTELLICONNECT COMMUNICATIONS, LLC ("Intelliconnect"), a Nevada

21 corporation; S & M MANAGEMENT SERVICES, INC. ("S & M"), a Nevada corporation, BRENDA

22 PORTELA, an individual, and STEPHANIE MEEHAN, an individual, have agreed to resolve the

23

24

CONSENT JUDGMENT – PAGE 1
*Perez v. Intelliconnect*, et al.

1   matters in controversy in this civil action and consent to the entry of this consent judgment ("Consent

2   Judgment" or "Judgment") in accordance herewith:

3   **I.   LIABILITY**

4           A.      Concurrently with the instant Consent Judgment, the Secretary filed a Complaint alleging

5   that Defendant INTELLICONNECT, Defendant S & M, Defendant, BRENDA PORTELA, Defendant,

6   and STEPHANIE MEEHAN (collectively "Defendants") violated provisions of §§6, 7, 11(c), 15(a)(2)

7   and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA" or the "Act"), 29 U.S.C.

8   §§207, 211(c), 215(a)(2), and 215(a)(5).

9           B.      Defendants acknowledge receipt of a copy of the Secretary's Complaint.

10          C.      Defendants waive issuance and service of process and waive answers and any defenses to

11  the Secretary's Complaint.

12          D.      Defendants admit that the Court has jurisdiction over the parties and subject matter of this

13  civil action and that venue lies in the United States District Court for the District of Nevada.

14          E.      Defendants and the Secretary agree to the entry of this Consent Judgment without

15  contest.

16          F.      Defendants acknowledge that, to the best of their knowledge, Defendants and any

17  individual or entity acting on their behalf or at their direction have notice of, and understand, the

18  provisions of this Consent Judgment.

19          G.      Defendants admit that they misclassified sales representatives who worked for Defendant

20  Intelliconnect as independent contractors.  Defendants understand that sales representatives, who contact

21  persons by telephone to sell Defendants' product(s), and are not outside salespersons, are employees.

22          H.      Defendants admit that because they misclassified employees as independent contractors

23  during the period from January 1, 2010 through December 14, 2012, (the "Subject Period") they failed

24

CONSENT JUDGMENT – PAGE 2
*Perez v. Intelliconnect,* et al.

1   to pay the minimum wage to employees by paying employees as independent contractors and regardless

2   of the number of hours worked in a workweek when said employees were engaged in commerce and in

3   the production of goods for commerce or were employed in an enterprise engaged in commerce or in the

4   production of goods for commerce, within the meaning of the Act.

5        I.      Defendants admit that because they misclassified employees as independent contractors

6   during the Subject Period, on some occasions they failed to pay the overtime premium of not less than

7   one and one-half times the regular rates to employees when said employees who were engaged in

8   commerce and in the production of goods for commerce or were employed in an enterprise engaged in

9   commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks

10   longer than 40 hours.

11        J.      Defendants admit that because they misclassified employees as independent contractors

12   during the Subject Period they failed to maintain, keep, make available to authorized agents of plaintiff

13   for inspection, transcription and/or copying, and preserve accurate records of their employees and of the

14   wages, hours, and other conditions and practices of employment within the meaning of the Act.

15        K.      Defendants understand and expressly acknowledge that demanding or accepting any of

16   the monies due to any current or former employees under this Consent Judgment, threatening any

17   employee for accepting monies due under this Consent Judgment, or threatening any employee for

18   exercising any of his or her rights under or related to the FLSA is specifically prohibited by this Consent

19   Judgment and the FLSA and may subject Defendants to equitable and legal damages, including punitive

20   damages and civil contempt.

21        It is therefore, upon motion of the attorneys for the Secretary, and for cause shown, hereby

22   ORDERED, ADJUDGED, AND DECREED that pursuant to Section 17 of the FLSA (29 U.S.C. §217),

23   Defendants and their officers, agents, servants, employees, and all persons in active concert or

24

CONSENT JUDGMENT – PAGE 3
*Perez v. Intelliconnect*, et al.

1    participation with them be, and they hereby are, permanently enjoined and restrained from violating the

2    provisions of the FLSA, in any of the following manners:

3            1.      Defendants shall not, contrary to Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C.

4    §§206 and 215(a)(2), pay any of their employees who in any workweek are engaged in commerce or in

5    the production of goods for commerce or who are employed in an enterprise engaged in commerce or in

6    the production of goods for commerce, within the meaning of the FLSA, wages at a rate less than $7.25

7    per hour (or at a rate less than such other applicable minimum rate as may hereinafter be established by

8    amendment to the FLSA).

9            2.      Defendants shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C.

10   §§207 and 215(a)(2), employ any of their employees who in any workweek are engaged in commerce or

11   the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in

12   the production of goods for commerce, within the meaning of the FLSA, for workweeks longer than

13   forty (40) hours, unless such employee receives compensation for his or her employment in excess of

14   forty (40) hours at a rate not less than one and one-half times the regular rates (at least $10.87 if the

15   regular wage rate is the current federal minimum age) at which he or she is employed.

16           3.      Defendants shall classify all persons who work as sales representatives for any

17   Defendant as employees, and, as such, pay the minimum wage and overtime required under the FLSA.

18   For a period of two years from the effective date of this Consent Judgment, before any person whom

19   Defendants claim are exempt from overtime or otherwise not entitled to the minimum wage and

20   overtime required by the FLSA, Defendants must prepare a written analysis of the reasons for such

21   classification and supply such analysis to the employee along with the following Notice of

22   Classification:

23   ///

24

CONSENT JUDGMENT – PAGE 4
*Perez v. Intelliconnect*, et al.

*NOTICE OF CLASSIFICATION*

*The Fair Labor Standards Act ("FLSA") provides that all employees are entitled to be paid minimum wage and overtime of time and one half, with very narrow exceptions.  You are hereby notified that Defendants believe that you are exempt from the minimum wage and/or overtime required by the FLSA for the following reasons: _____*
*If you question the reasons for your classification or disagree with it, please contact the Wage and Hour Division at (702) 928-1240 or (866) 4US-WAGE ((866) 487-9243).*

Defendants shall obtain the dated signature of all persons to whom the Notice of Classification is provided, and maintain copies of the analysis and worker's signature for a period of three years from date of the notice.   Any person who receives notice of such classification shall be entitled to request a copy of Defendants' analysis at any time.

For a period of two years from the effective date of this Consent Judgment, Defendants shall analyze and review the propriety of each non-owner who is not classified as eligible for FLSA minimum wage and overtime on an annual basis and maintain records of such review and analysis for a period of three years. Each such review shall be provided to the relevant worker(s) with the Notice of Classification.  Defendants shall provide copies of the records required by this paragraph upon request by representatives of the Secretary of Labor.

4.      Defendants shall not fail to make, keep, and preserve accurate records of the wages, hours, and other work conditions and practices of each and every individual who performs any work for Defendants at their current or future facilities as required by FLSA Section 11, 29 U.S.C. §211. The recordkeeping required by this paragraph shall be maintained regardless of whether the worker is classified as an employee or independent contractor.  Within ten (10) calendar days of the date that Defendants sign this Consent Judgment, Defendants shall implement a recordkeeping, retention, and inspection program as detailed below:

CONSENT JUDGMENT – PAGE 5
*Perez v. Intelliconnect*, et al.

## II.   RECORDS

     A.    Defendants shall record all hours worked by each employee in each payroll period.

     B.    Defendants shall maintain all timecards and payroll records for a period of not less than three years.

     C.    Defendants shall reflect all the amounts paid to employees, regardless of the manner of payment and including bonuses, whether performance-based or otherwise, on the payroll records.

     D.    Defendants shall pay employees all wages owed under the FLSA, less any appropriate deductions allowed by law, and shall not reclassify any portion of the employees' earned FLSA wages as any form of profit-sharing, partnership or corporate distribution.

     E.    Defendants shall pay employees for all compensable waiting time including time spent waiting for computers to boot up or become operational.

     F.    Defendants shall not require employees to work "off the clock" either before, during or after their shifts.

     G.    All individuals performing work for any Defendant shall record their work time in an accurate and timely manner. Work time shall include, but is not necessarily limited to, all time spent at work or preparing to work, including nonproductive time such as turning on necessary equipment and waiting for it to become operational.  Each entity whether herein named or a successor entity shall record each non-exempt employee's time in an accurate and timely manner either the first day said entity begins operations or the first day any non-exempt employee begins his or her employment with Defendant, any of them, or any future or successive entity.

     H.    For each work week, Defendants shall sum each individual's time records to identify the time worked each day and each workweek per individual.  Each pay period, Defendants shall prepare a statement of hours worked by each individual for each day, week, and pay period ("Work Hours

1    Summary"). Defendants shall have each individual review his or her Work Hours Summary,

2    encouraging each employee to make corrections to ensure that the time record is accurate. For a period

3    of two years from the effective date of this Consent Judgment, each Work Hours Summary shall contain

4    the following Employee Rights Statement and Inspection Notice:

5                    ***EMPLOYEE RIGHTS STATEMENT AND INSPECTION NOTICE***

6              *Your Employer must pay you for all hours worked, which includes*
      *all time that you are required to be on the Employer's premises and are*
7     *not free from your duties, including time spent waiting for equipment to*
      *become operational.*
8              *You have the right to have all hours worked counted on one time*
      *record.*
9             *You have the right to be paid at least the federal minimum wage*
      *(currently $7.25 per hour) for all hours worked.*
10            *You have the right to be paid for overtime, which means that you*
      *have the right to be paid at one and one-half times your regular rate (at*
11    *least $10.87 if your wage rate is the current federal minimum wage) for*
      *all hours you work more than 40 hours in one workweek.*
12             *You have the right to inspect your time records and Work Hours*
      *Summary at any time without prior request.*
13            *You have the right to speak with the U.S. Department of Labor if*
      *you think your Employer has not paid you for all hours worked or paid*
14    *overtime.*
              *The U.S. Department of Labor has the right to inspect your*
15    *Employer at any time, and you have the right to talk to any*
      *representative of the U. S Department of Labor privately and not in the*
16    *presence of your employer.*
              *You can call the U.S. Department of Labor to make a confidential*
17    *complaint at 1-866-4US-WAGE at any time you wish.*
      ***YOUR EMPLOYER IS SUBJECT TO PENALTIES IF YOU ARE***
18    ***TREATED   UNFAIRLY   BECAUSE   YOU   TELL   THE   U.S.***
      ***DEPARTMENT OF LABOR YOU THINK YOUR EMPLOYER HAS***
19    ***NOT FULFILLED THE REQUIREMENTS OF THIS NOTICE.***

20
      Immediately upon issuance and for two (2) years thereafter, Defendants shall maintain copies of all
21
      Work Hours Summaries for inspection by the U.S. Department of Labor at any time and by any of
22
      Defendants' employees at any time. Defendants shall provide the above notice with employees'
23

24
      CONSENT JUDGMENT – PAGE 7
      *Perez v. Intelliconnect*, et al.

1  paychecks or pay for no less than three consecutive pay periods, and through posting in prominent

2  locations at each of Defendants' current business operations.

3      I.      Defendants shall not discriminate and/or retaliate in any way against any employee who

4  files a complaint or causes any proceeding to be instituted under or related to the FLSA and each

5  Defendant specifically agrees to cooperate with officials of the Department of Labor by permitting

6  immediate entry into any worksite and encouraging and assisting all Defendants' workers to be present

7  and cooperative during such investigations.

8      1.      Defendants and their agents shall not instruct, deter, discourage or bar any

9  employee from making themselves available during a U.S. Department of Labor investigation;

10     2.      Defendants and any individual or entity acting on their behalf or at their direction

11  shall not request, solicit, suggest, or coerce, directly or indirectly, any employee to return or to offer to

12  return to Defendants or to someone else for Defendants, any monies in the form of cash, check, or any

13  other form, for wages previously due or to become due in the future to said employee under the

14  provisions of this Consent Judgment or the FLSA; nor shall Defendants accept, or receive from any

15  employee, either directly or indirectly, any monies in the form of cash, check or any other form for

16  wages heretofore or hereafter paid to said employee under the provisions of this Consent Judgment or

17  the FLSA; nor shall Defendants discharge or in any other manner discriminate, solicit or encourage

18  anyone else to discriminate, against any such employee because such employee has received or retained

19  monies due to him or her from Defendants under the provisions of this Consent Judgment or the FLSA;

20  and it is further

21     ORDERED that Defendants jointly and severally shall not withhold payment of $280,000.00

22  (two hundred and eighty thousand dollars) which represents the balance of unpaid minimum wages and

23  overtime hereby found to be due for the Subject Period to those current and former employees of

24

CONSENT JUDGMENT – PAGE 8
*Perez v. Intelliconnect*, et al.

1  Defendants named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein;

2  and it is further

3       ORDERED that Plaintiff shall also have and recover from Defendants, jointly and severally, the

4  amount of $280,000.00 (two hundred and eighty thousand dollars) hereby found to be due as liquidated

5  damages for the Subject Period to those current and former employees of Defendants named in Exhibit

6  A, attached hereto and made a part hereof, in the amounts set forth therein, pursuant to authority

7  expressly provided in Section 16 of the FLSA, 29 U.S.C. §216.

8       FURTHER, JUDGMENT IS HEREBY ENTERED in favor of the Secretary as a judgment owed

9  to the United States of America and against Defendants INTELLICONNECT, S & M, BRENDA

10  PORTELA, and STEPHANIE MEEHAN in the total amount of $280,000.00 (two hundred and eighty

11  thousand dollars), which is comprised of dollars in unpaid minimum wage and overtime compensation

12  owed by Defendants INTELLICONNECT, S & M, BRENDA PORTELA, and STEPHANIE MEEHAN

13  and pursuant to authority expressly provided in Section 16 of the FLSA, 29 U.S.C. §216, and an

14  additional equal amount as liquidated damages of dollars; and it is further

15       ORDERED that  payment of the monetary provisions of this Consent Judgment shall be

16  accomplished as follows:

17       A.    Within five (5) days of the Entry by the Court of this Consent Judgment, Defendants shall

18  deliver to District Director Gaspar Montañez, Wage and Hour Division, United States Department of

19  Labor, Alan Bible Federal Bldg., 600 Las Vegas Blvd. S., Suite 550, Las Vegas, NV  89101, a schedule

20  containing: (1) the employer's name, employer's identification number(s) (if any), employer's addresses

21  and telephone numbers, and (2) for each employee name listed in the attached Exhibit A, the employee's

22  last known home address, Social Security number, home telephone number (if available), mobile

23  telephone number (if available),  gross amount of back wages, and gross amount of liquidated damages

24

CONSENT JUDGMENT – PAGE 9
*Perez v. Intelliconnect,* et al.

as listed in the attached Exhibit A.

B.    Not later than thirty (30) days following the Entry by the Court of this Consent Judgment, Defendants, jointly and severally, shall deliver to District Director Gaspar Montañez at the address listed above, a certified or cashier's check or money order payable to "U.S. Dept. of Labor: Wage and Hour Division" in the amount of $280,000.00, in payment of the liquidated damages due under this Consent Judgment.

C.    Not later than December 1, 2014 and on a quarterly basis thereafter (March 1, 2015, June 1, 2015, September 1, 2015, December 1, 2015, March 1, 2016, June 1, 2016, September 1, 2016, and December 1, 2016) and following the Entry by the Court of this Consent Judgment, Defendants, jointly and severally, shall deliver to District Director Gaspar Montañez at the address listed above, a certified or cashier's check or money order payable to "U.S. Dept. of Labor: Wage and Hour Division or [name of employee" in the gross amount of each quarterly payment required under this Consent Judgment.

D.    In the event of a default in the timely making of any of the payments specified herein, the full gross amount outstanding due under this Consent Judgment, plus post-judgment interest at the rate of LIBOR + 1% per year from the date of the entry of this Consent Judgment until the full amount of this Consent Judgment is paid in full, shall become immediately due and payable directly to the U.S. Department of Labor by certified check to the U.S. Department of Labor: Wage and Hour Division ("Wage and Hour"). For the purposes of this paragraph, a "default" is deemed to occur if payment is not delivered within five (5) business days of the due date.

E.    The Secretary shall distribute the payments to the persons named in the attached Exhibit A, or to their estates if that be necessary, in his sole discretion, and any monies not so paid within a period of three (3) years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as

miscellaneous receipts, pursuant to 29 U.S.C. §216(c). The Secretary shall make required legal deductions for the employee's portion of Social Security and federal income tax withholding, and remit these amounts to the appropriate agencies, but Defendants remain responsible for the employer portion of these taxes.

F.     Not later than thirty (30) calendar days following the Entry by the Court of this Consent Judgment, Defendants shall provide each of their current employees with an employee notice of rights ("Notice of Rights"), attached as Exhibit B, which summarizes the terms of this Consent Judgment and provides direct guidance from the U.S. Department of Labor regarding employees' rights under the FLSA. For the two year period from the effective date of this Consent Judgment, Defendants shall take the following steps to help ensure that all of Defendants' employees are aware of their rights under the FLSA:

1.     Defendants shall post Exhibit B in prominent locations at all Defendants' locations  (for example, at the time clock, where employees commonly take meal breaks, and inside employee restrooms).  Defendants shall do the same for any current or future entities they manage, supervisor, operate or otherwise control within ten (10) calendar days of it beginning operations;

2.     Defendants shall provide a copy of Exhibit B with the first two paychecks for the first two pay periods following entry of this Consent Judgment to all of Defendants' employees;

3.     Defendants shall provide a copy of Exhibit B to all newly hired employees before or by the date said employee begins performing work for any Defendants

G.     No later than ten (10) days following the Court's Entry of this Consent Judgment, Defendants shall post U.S. Department of Labor-approved posters regarding the minimum wage and overtime provisions of the FLSA, in a prominent location at each operation managed, supervised, operated or otherwise controlled by any named individual Defendant. Copies of said posters are

1   available for download and printing at: http://www.dol.gov/whd/regs/compliance/posters/flsa.htm.

2         H.      Not later than ten (10) days following the Court's Entry of this Consent Judgment,

3   Defendants shall review all advertisements seeking sales representatives to work for them or other

4   workers to ensure that their advertisements accurately represent the classification of sales representatives

5   as employees.

6         I.      Upon reasonable notice and not later than six (6) months following the Court's Entry of

7   this Consent Judgment or as soon as thereafter practicable given Wage and Hour representatives'

8   availability, Defendants shall permit representatives from Wage and Hour to conduct a training session

9   for all individuals performing work at each of Defendants' locations.  Topics to be covered by Wage and

10   Hour during said training shall include, but are not limited to: minimum wage, overtime, and

11   recordkeeping provisions of the FLSA and identifying all compensable time for which employees must

12   be paid.  Upon a determination by Wage and Hour representatives, said training may be followed by a

13   confidential question and answer session between Wage and Hour representatives and Defendants'

14   employees, during which time Defendants are not present ("Q&A Session"). The Training and Q&A

15   Session shall take place during work hours and employees must be paid for the time spent in attendance.

16         J.      For a period of three years following the Court's Entry of this Consent Judgment, and

17   annually thereafter, Defendants shall hire an independent third party to conduct training at each location

18   as to the requirements of the FLSA.  The first training shall occur not more than three hundred and

19   seventy (370) days after the Entry of this Consent Judgment.  The training shall be for one session of not

20   less than one hour with an opportunity for questions and answers and shall address the FLSA's

21   minimum wage, overtime, record keeping, and anti-retaliation requirements.  All supervisors as well as

22   the individuals who determine the employees' pay or schedules and/or who prepare payroll shall attend

23   this training. Documentation of this training shall include the subjects covered, any handouts provided,

24

and a list of all attendees.  Defendants shall maintain documentation of these trainings for a period of four years and provide it to representatives of the Secretary of Labor upon their request. This provision shall be in effect for a period of four years following the Court's Entry of this Consent Judgment.

K.    No earlier than one (1) year following the Court's Entry of this Consent Judgment and no later than fourteen (14) months following the Court's Entry of this Consent Judgment, Defendants shall obtain an audit of compliance with the FLSA, and regulations issued under the FLSA, to be conducted by an independent third-party monitor hired at Defendants' expense. The third-party monitor will prepare a written report which summarizes the steps taken to complete the audit, and the findings of the audit as to Defendants' compliance with the FLSA.  In the event that the third party-monitor finds any material non-compliance with the FLSA, Defendants shall ensure that the third party monitor shall report such findings to the District Director of the Wage and Hour Division, United States Department of Labor, Alan Bible Federal Building, 600 Las Vegas Blvd. S., Suite 550, Las Vegas, NV  89101 within five days of discovery.

1.    Before the third-party monitor begins work, Defendants shall provide the identity and curriculum vitae of said proposed independent third-party monitor, to the District Director of the Wage and Hour Division's Las Vegas office, for his or her concurrence. The District Director shall have the right to reject the selected monitor and direct Defendants to select and propose a different monitor.

2.    Defendants shall cooperate in full with the third-party monitor, including providing the monitor access to each of the worksite(s) of Defendants' workers and to payroll and time records.

3.    If the third-party monitor finds any violation of the FLSA, or regulations issued under the FLSA, that result in back wages due, Defendants shall pay the wages due on its next regularly scheduled payroll.

CONSENT JUDGMENT – PAGE 13
*Perez v. Intelliconnect,* et al.

4.      If the third-party monitor directs changes in Defendants' policies and/or procedures, or directs that Defendants take action to comply with the FLSA or regulations issued under the FLSA, Defendants shall do so.

5.      The third-party monitor shall have the duty to conduct off-site interviews with Defendants' workers.  Such interviews, and other communications between workers and the monitor, shall be kept confidential except as to authorized representatives of the U.S. Department of Labor. Copies of all notes and interviews conducted by the monitor may be turned over to the District Director, Las Vegas District Office, U.S. Department of Labor, along with the annual audit report, if requested by the District Director, Las Vegas District Office, U.S. Department of Labor.

6.      Discrimination or retaliation by Defendants against workers for cooperating or communicating with the third-party monitor is prohibited to the fullest extent of 29 C.F.R. §215(a)(3).

7.      The workers shall have the right to have a representative of their choosing accompany the third-party monitor on his/her inspections of the worksite.

8.      Defendants shall conduct an additional audit at their expense no later than six months following the date of the first audit.  If no violations have been identified in the first audit, Defendants shall conduct a final audit twelve months following the first audit.  If no violation resulting in backwages due any employee has been identified, this second audit shall be Defendants' final audit under this Consent Judgment.  Should any material violation resulting in backwages due to any of Defendants' employees be found on the first or second audits, Defendants shall conduct a third and final audit twelve months following the date of the second audit.  All audits shall comply with every requirement identified in this paragraph.

9.      Defendants' contract with the third-party monitor shall include the provisions of this paragraph.

1       L.      The filing, pursuit, and/or resolution of this proceeding with the filing of this Consent

2  Judgment shall not act as or be asserted as a bar to any action under Section 16(b) of the FLSA, 29

3  U.S.C. §216(b), as to any employee not named on the Exhibit A attached to the Consent Judgment and

4  incorporated hereto by reference, nor as to any employee named on the Exhibit A for any period not

5  specified herein for the back wage recovery provisions.

6       M.     Each party shall bear all fees and other expenses (including court costs) incurred by such

7  party in connection with any stage of this proceeding to date.

8       IT IS ORDERED that Defendants shall comply with the terms of this Consent Judgment, and;

9       IT IS ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing

10  compliance with the terms of this Consent Judgment.

11       The Clerk of Court is instructed to close this case.

12    Dated:  December 1, 2014.

Jennifer A. Dorsey
UNITED STATES DISTRICT JUDGE

Presented by:

M. PATRICIA SMITH
Solicitor of Labor
JANET M. HEROLD
Regional Solicitor
BRUCE L. BROWN
Associate Regional Solicitor
JEANNIE GORMAN
Senior Trial Attorney

_____          $11\text{-}7\text{-}2014$
United States Department of Labor               Date
Counsel for Plaintiff

ENTRY OF THIS JUDGMENT IS HEREBY CONSENTED TO BY:


_____          _____
BRENDA PORTELA, individually and for            Date
Intelliconnect Communications LLC, and S & M
Management Services, Inc.
Defendants


_____          $10/22/14$
STEPHANIE MEEHAN, individually and for          Date
Intelliconnect Communications LLC, and S & M
Management Services, Inc.
Defendants


_____          _____
Elayna Youchah: Jackson Lewis                   Date
Counsel for Defendants


_____          _____
Sam Schwartz: Schwartz Law Firm                 Date
Counsel for Defendants


CONSENT JUDGMENT – PAGE 16
*Perez v. Intelliconnect*, et al.

1    Presented by:

2    M. PATRICIA SMITH
     Solicitor of Labor
3    JANET M. HEROLD
     Regional Solicitor
4    BRUCE L. BROWN
     Associate Regional Solicitor
5    JEANNIE GORMAN
     Senior Trial Attorney

6

7    _____        _____
     United States Department of Labor              Date
8    Counsel for Plaintiff

9    ENTRY OF THIS JUDGMENT IS HEREBY CONSENTED TO BY:

10

11   _____        _____
     BRENDA PORTELA, individually and for      Date
12    Intelliconnect Communications LLC, and S & M
     Management Services, Inc.
13    Defendants

14

15

16   _____        _____
     STEPHANIE MEEHAN, individually and for    Date
     Intelliconnect Communications LLC, and S & M
17    Management Services, Inc.
     Defendants

18

19   _____        _10/22/2014_____
     Elayna Youchah: Jackson Lewis            Date
20    Counsel for Defendants

21

22   _____        _____
     Sam Schwartz: Schwartz Law Firm       Date
23    Counsel for Defendants

24

     CONSENT JUDGMENT – PAGE 16
     *Perez v. Intelliconnect,* et al.

1 Presented by:

2 M. PATRICIA SMITH
 Solicitor of Labor
3 JANET M. HEROLD
 Regional Solicitor
4 BRUCE L. BROWN
 Associate Regional Solicitor
5 JEANNIE GORMAN
 Senior Trial Attorney

6

7 _____     Date
 United States Department of Labor
8 Counsel for Plaintiff

9 ENTRY OF THIS JUDGMENT IS HEREBY CONSENTED TO BY:

10

11 _____     10/23/14
 BRENDA PORTELA, individually and for     Date
12 Intelliconnect Communications LLC, and S & M
 Management Services, Inc.
13 Defendants

14

15 _____     10/22/14
 STEPHANIE MEEHAN, individually and for     Date
16 Intelliconnect Communications LLC, and S & M
 Management Services, Inc.
17 Defendants

18

19 _____     Date
 Elayna Youchah; Jackson Lewis
20 Counsel for Defendants

21

22 _____     10-24-14
 Sam Schwartz; Schwartz Law Firm     Date
23 Counsel for Defendants

24

 CONSENT JUDGMENT – PAGE 16
 *Perez v. Intelliconnect, et al.*